# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2131

_____

United States of America,       *

                    *

       Appellee,      *

                    *   Appeal from the United States

   v.                *   District Court for the

                    *   District of Minnesota.

Richard Allen Ducott, Jr.,    *

                    *       [UNPUBLISHED]

       Appellant.     *

_____

Submitted:  March 21, 2000
Filed:   March 24, 2000

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Richard Allen Ducott, Jr., pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846 (1994).  The District Court[1] overruled his objection to a two-level enhancement for possessing a firearm in connection with the offense, denied his motion for a downward departure on the basis of coercion or duress, and sentenced him to 168 months' imprisonment and five years' supervised release.  On appeal, Ducott argues that the District Court erred in applying

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

the firearm enhancement and in denying the requested downward departure; and that his due-process rights were violated because the government suggested throughout sentencing that the firearm was found in Ducott's bedroom rather than in his bedroom closet and contended that he had lied in his testimony at sentencing.

We conclude that the District Court did not clearly err in applying the firearm enhancement. See United States v. Belitz, 141 F.3d 815, 817 (8th Cir. 1998) (standard of review). The evidence showed, among other things, that: methamphetamine and marijuana were recovered from the bedroom of Ducott's residence and that a loaded shotgun was recovered from the bedroom closet; when Ducott returned from methamphetamine-buying trips, he brought the drugs to the residence from which they were then sold; a pound of methamphetamine had been stored at, and stolen from, either Ducott's residence or his garage; and Ducott acknowledged being aware of, and initially being involved with, marijuana being grown in the attic of the residence. Cf. id. at 817-18 (finding sufficient nexus where methamphetamine was found in basement and loaded pistol was found in living room; court could conclude readily- accessible gun enhanced appellant's comfort level while drugs were in home). Ducott's contention that the government deceived the District Court regarding the location of the shotgun is without merit: the government's primary witness regarding the search freely acknowledged at sentencing that the shotgun was found in the closet.

Because the District Court was aware of its authority to depart from the Guidelines, its decision not to do so is unreviewable. See United States v. Turechek, 138 F.3d 1226, 1228 (8th Cir. 1998). Finally, we conclude that the Assistant United States Attorney did not violate Ducott's due-process rights by contending in his closing comments at sentencing that Ducott had lied. See United States v. French, 88 F.3d 686, 688-89 (8th Cir. 1996) (holding that prosecutor's allegation in closing argument at trial that testifying defendant had lied was either not misconduct at all or was harmless error); cf. Portuondo v. Agard, 68 U.S.L.W. 4176, 4177-79 (U.S. Mar. 6,

2000) (holding that prosecutor may attack testifying defendant's credibility in summation).

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.